IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WALTER LEE GILBERT a/k/a**
**LAMARCUS HILLIARD   # 99903-555**                                                    **PETITIONER**

**versus**                                                                                      **NO. 3:17cv16-TSL-RHW**

**PELICIA HALL**                                                                                    **RESPONDENT**

### REPORT AND RECOMMENDATION

Before the Court are [23] the Petition for Writ of Habeas Corpus filed by Walter Gilbert, a/k/a Lamarcus Hilliard, pursuant to 28 U.S.C. § 2254, and the Respondent's February 6, 2020 motion [27] seeking dismissal of the petition as untimely filed, or alternatively for Gilbert's failure to exhaust state remedies prior to filing suit.   Gilbert has filed no response to the motion. After reviewing and considering the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted, and the petition for federal habeas relief, dismissed.

<u>Facts and Procedural History</u>

Walter Gilbert is incarcerated with the Federal Bureau of Prisons (BOP) on behalf of the State of Mississippi, serving a 25-year sentence for a Hinds County conviction of possession of cocaine with intent to distribute.   Gilbert signed a petition to plead guilty to the charge on December 10, 2002, and entered his plea of guilty in Hinds County Circuit Court the same day, and the matter was set for sentencing on January 13, 2003.   [27-1, pp. 3-7, 1-2]   By order dated January 13, 2003 and filed January 31, 2003, the state court sentenced him to serve 25 years in custody of the Mississippi Department of Corrections (MDOC).   [27-2]   The BOP website shows he is confined (as Lamarcus Hilliard) at the U.S. Penitentiary/Administrative Maximum Facility in Florence, CO and his release date is January 9, 2023.

In Mississippi there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. However, at the time of Gilbert's plea, Mississippi law allowed thirty days for appeal regarding the sentence imposed on a guilty plea. *Seal v. State*, 38 So.3d 635, 638 (Miss. Ct. App. 2010). Gilbert's judgment of conviction therefore became final on March 3, 2003, since the thirtieth day after entry of his sentencing order was a Sunday. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Gilbert's first "habeas corpus" pleading in this Court [1] was signed in December 2016 and filed by the Clerk January 9, 2017; an additional pleading [15] was filed April 24, 2017. However, Gilbert's failure to comply with orders of the Court led to dismissal of this lawsuit on June 26, 2017. [20], [21]  On January 7, 2020, Gilbert filed [23] another habeas petition in the case, this time on the proper form. On January 17, 2020, the District Judge construed [23] as a motion to reconsider the 2017 judgment of dismissal and granted it as such, ordering the clerk to reopen the case and the Respondent to file a response to the petition. On February 6, 2020, Respondent moved to dismiss the claims as untimely or unexhausted.

Law and Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A) Gilbert's judgment of conviction became final March 3, 2003. Absent a "properly filed" post-conviction application to toll the limitations period, or some "rare and exceptional" circumstances warranting equitable tolling, Gilbert's window for filing a federal habeas petition closed on March 3, 2004. *See Grillette v. Warden*, *Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The limitations period is tolled under § 2244(d)(2) while a properly filed state post-conviction application is pending; an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Flanagan v. Johnson*, 154 F.3d at 199, n.1.

Respondent asserts court records show Gilbert filed no state post-conviction application before the one-year federal habeas statute of limitations expired; indeed, Gilbert's own pleadings indicate his only post-plea filings occurred on January 7, 2003 (*before* his judgment became final since it predates sentencing); June 25, 2019 (more than 15 years *after* the one-year period for filing a federal habeas petition expired); and June 2017 (over 14 years beyond his federal filing deadline). [23, pp. 2-4, 6] Even assuming the referenced filings were post-conviction motions, the statutory tolling provision of § 2244(d)(2) would not apply to Gilbert's case. There is nothing to toll before the judgment becomes final, and an application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired").

The undersigned further finds Gilbert has presented nothing to warrant equitable tolling of the limitations period, as it is permitted only in "rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d at 263; *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitute rare and exceptional circumstances to justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of the law or limited access to outside information do not constitute rare and exceptional circumstances to excuse untimely filing). The petitioner bears the burden to establish he is entitled to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). One seeking equitable tolling must show he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 632, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Under long-established principles, petitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19 (1874)).

> Equitable tolling … applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Considering that Gilbert allowed almost 14 years to elapse before seeking habeas relief, the undersigned can hardly find he has been diligently pursuing his rights. *See Melancon*, 259 F.3d at 408 (upholding denial of equitable tolling due to four-month delay in filing petition after ruling in state court). Furthermore, nothing before the Court shows Gilbert was prevented in

any extraordinary way from asserting his rights.   The undersigned finds the petition was untimely filed and Gilbert is entitled to neither statutory nor equitable tolling

The undersigned agrees with Respondent's argument that even if Gilbert's petition were not time-barred, it should be dismissed for his failure to exhaust state court remedies before filing this action.   "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."   *Fisher v. Texas*, 157 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); 28 U.S.C. § 2254(b)(1).   The prisoner must give the state court the full opportunity to resolve federal constitutional claims through the established state appellate review process before filing in federal court.   *O'Sullivan v. Boerckel*, 536 U.S. 838, 845 (1999).   Gilbert did not present his claims to the state's highest court in a procedurally proper manner before filing suit. Under Miss. Code Ann. § 99-39-5(2), Gilbert had three years from January 31, 2003 to file a post-conviction motion.   Since his own pleadings show he filed nothing until 2017, return to state court would avail him nothing.   "If a prisoner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief."   *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)   Federal courts are barred from reviewing claims when the petitioner's own procedural default renders state remedies unavailable.   *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review).   Under such circumstances, dismissal with prejudice is appropriate.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-845 (1999).

Gilbert's procedural default precludes federal habeas review unless he can show cause for the default and actual prejudice, or that it will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *see also Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001); *Sones*, 61 F.3d at 418 (holding Miss. Code Ann. 99-39-5(2) "functions as an independent and adequate procedural bar"). Cause must "be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Gilbert has presented nothing to show cause for failing to exhaust his claims in state court. Absent a showing of cause, the Court need not address the prejudice element since both cause and prejudice must be shown to avoid the procedural bar. The "fundamental miscarriage of justice" exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). While "actual-innocence is not an independently cognizable federal *habeas* claim," if proven it can allow for review of an otherwise untimely claim. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Reed v. Stephens*, 739 F.3d 753, 766-767 (5th Cir. 2014); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence … serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations."). However, to open the gateway for federal habeas review the petitioner must present "new reliable evidence" which "was not presented at trial," and in light of which, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 317, 324-327 (1995)); *McQuiggin*, 569 U.S. at 386 (a credible showing of actual innocence requires that the petitioner produce new evidence sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Gilbert has

produced no such evidence, and it must be remembered that he pled guilty to the crime for which he was convicted.

## RECOMMENDATION

Based upon the foregoing, the undersigned finds Gilbert's petition was untimely filed, that he is not entitled to statutory tolling or equitable tolling of the limitations period, that he has failed to show cause for not presenting his claims to the state's highest court before filing suit, and that he has not made the requisite showing for application of any actual innocence or miscarriage of justice to avoid having his claims dismissed as procedurally barred from review as unexhausted. The undersigned recommends that Respondent's motion to dismiss be granted, and Gilbert's petition, dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may serve and file with the Clerk of Court his written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Responses to objections may be filed within seven days after service of the objections. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 14th day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE